Deaderick, J.,
delivered the opinion of the Court.
The complainant filed his bill in the Chancery Court at Greeneville, to compel defendant to account for usurious interest charged to him in their settlement.
It seems that "Ward conveyed to Brandon a tract of land by deed, bearing date 25th December, 1833, for the alleged consideration of $119.20. '
On the next day, 26th December, 1833, Brandon executed a bond to Ward, binding himself to re-convey the said land to Ward upon the payment to him, on or before' the 25th of December, 1835, of the sum of $119.20.
Ward also owed Brandon two notes, due 1st March, 1839, one for $75, with a credit thereon óf $58, endorsed as received 19th February, 1852, and the other for the sum of $42.28.
Ward sold his land in March, 1860, to one Isaac Smith, including the fifty acre tract previously conveyed to Brandon, and at or about the time of the sale, complainant and defendant made' a settlement with a view to Brandon’s getting the payment of the amount due him from the proceeds of the sale.
Brandon said that all he wanted was his money and interest, and that executors and administrators were entitled to exact interest every two years, and then add the interest and principal together, and count interest upon both. Ward did not assent to this, but Brandon said the Supreme Court had decided to that effect,' and such seems to have been the basis'of their settlement, and payment from the proceeds of the sale of the land was made upon this settlement.
*492 Brandon thereupon conveyed the fifty acre tract of • land to .the purchaser, and Ward conveyed' two other small tracts adjoining.
Brandon, in his answer, claimed that he had purchased the fifty acre tract from Ward, and that the amount he had received from Smith was the price at which the tract was estimated, in. the sale; but his declarations- about" "the- ■ time of the sale, and especially his bond of the 26th December, 1833, disprove his title to the land, and show very satisfactorily that it was only held by him to secure the payment of the debt of $119.20.
The indebtedness of Ward to Brandon, as appears from the record, consisted in the two notes of $75, and $42.28, and the $119.20, mentioned in the deed and bond, ’ upon which complainant claims to have made payments, before the final settlement and payment.
Upon these debts, under the illegal and unauthorized mode of computing interest adopted by the defendant the complainant was made liable to defendant in about the sum of $800, under the impression, perhaps, made upon complainant by, .defendant, that it was lawful for an executor or administrator thus to compute interest.
Interest is the compensation which may be demanded by the lender from the borrower, or by the creditor from the debtor, for the use of money. Code, 1943. The amount of said compensation shall be six per cent, per annum, and every excess, over that rate, is usury. Code, 1944.
And, the amount upon which interest may be computed, shall be the sum expressed in the contract. Code, 1949.
*493 Such was the law at the time of the contract or settlement between the parties, in 1860.
The case of Hale v. Hale, 1 Cold., 233, is referred to by defendant’s solicitor, as sustaining the fairness and legality of the transaction in this case.
In that case, it appears thát the parties, who were brothers, had had numerous business transactions, extending through several years, and, upon a final settlement between them, one fell in debt to the other in the sum of §813.51. Included in this balance, was the amount of several small notes, the interest upon which had been computed and added to the principal, each year, thus making interest bear interest.
Eor this sum of $813.51, a bill single was executed, and a bill was, after judgment on the note, filed, to be relieved of the usurous interest.
The Court held, in that case, that compound interest was not usury. For “it is plain,” say the Court, “that computation of interest, turned into principal, does not increase the rate of interest upon the amount of the original loan;” that parties to a contract may stipulate that the interest shall become principal and bear interest, if it is not paid at the time agreed upon for payment; and after interest is due, the parties may agree that such interest may thereafter carry or bear interest, and, of course, be incorporated with the principal, payable at a future day.
The Court further say, “that when the payment of interest, at stated periods, forms part of the contract, and the payment of the principal sum is postponed to *494 a distant day, upon the faith of the agreement for a regular and punctual discharge of the interest at the times agreed upon, equity and good conscience, at least, require that the debtor should fulfill his engagement, or render to his creditor the usual equivalent for the non-payment of the interest at the times agreed upon.” And, “that if it was stipulated in the original contract that the interest should be compounded, if not punctually paid, there was nothing illegal, immoral, or contrary to public policy in such a contract.”
In the case of Hale v. Hale, at the time of the settlement, a new note was taken for the balance due, and. the interest included in it, payable, it may reasonably be inferred, at a distant day; and this consideration of further indulgence on a claim, which might be presently enforced, is manifestly regarded as sufficient to sustain the obligation to pay the interest, and to legalize its incorporation in the note as part of the principal.
In this case, however, there was no contract in the 'origin of the transaction between these parties, that interest should be paid at any future stated periods, or in default of such payments, that it should be converted into principal, and itself bear interest.
Nor, at the time of the final settlement, Avas there any agreement of further indulgence, or any other legal, equitable or moral consideration, to support a promise to compound interest to accrue in future, and make it interest-bearing principal. The payment was then made of the principal, as well as of the interest. The whole indebtednes of complainant to defendant was discharged *495 at the time at which it is alleged the promise to pay compound interest was made.
There were two species of indebtedness from complainant to defendant, arising out of his written obligation. One, the principal, being the amount expressed upon the face of the several written obligations or notes; the other, the interest, which the law says shall be computed upon the sum expressed in the contract. The whole amount paid was paid as principal or interest. The amount of principal paid is the aggregate sum “expressed in the contract,” and the residue of the payments were payments of interest. And if the amount of such payments of interest exceeds the amount of legal interest upon the principal sum, the contract is usurious to the extent of such excess.
Experience has demonstrated that many devices are resorted to evade our statutes against usury, and the Courts look rather to the substance and effect of, than to the form of the contract, in determining its character.
We are, therefore, of opinion that, in this case the contract was usurious, because the interest taken was upon the original principal, no agreement or contract, previous to the time of its payment, having been entered into between the parties, by which any part of the previously accrued interest had become a part of the principal. And it makes no difference by what process the parties ascertain the amount, it is, in substance, taking more than legal interest, and whether done directly or indirectly, it is equally unlawful.
Upon the subject of allowing interest upon interest, the authorities are conflicting. In many of the States *496 it is held, that notwithstanding an agreement to postpone the payment of the principal, and though there he an express agreement, in a note or bond, to pay interest at a specified time, as annually, Ac., yet interest upon interest will not be allowed, but it will be considered that the holder, by neglecting to call' for it, waived his right to have it converted' into capital. 1. Am. Lead. Cases, 522.
The decree of the Chancellor will be reversed, and the cause will be remanded for the taking of an account between the parties, showing the amount of indebtedness of complainant to defendant, with simple interest thereon, and the amount of complainant’s payments to defendant, and crediting him with whatever sum he may have paid defendant-: over.-the .amount of the • debts ' due, and legal interest, for which he will be entitled to a decree.